IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FREDDIE DEMETRIUS JAMES, ) <br> INMATE MNI #BCSO00MNI025727, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> HUEY HOSS MACK, ) <br> ) <br> Respondent. ) | CIVIL NO. 1:23-CV-204-JB-MU |

## **REPORT AND RECOMMENDATION**

Freddie Demetrius James, proceeding without counsel (pro se), initiated this civil action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). James also filed a motion titled "Motion Amending Request for Investigations of Alleged Misconduct OR Incompetency of Public Officers By Grand Jury" on September 14, 2023. (Doc. 12). The assigned District Judge has referred James's petition and the Motion to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b). Under S.D. Ala. GenLR 72(a)(2)(R), the Magistrate Judge is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon due consideration, the undersigned finds that James's § 2241 petition is due to be **DISMISSED** without prejudice.

**I. The Habeas Petition**

At the time the present habeas petition and the pending Motion were filed, James was being held without bond in the Baldwin County Corrections Center as a pretrial detainee awaiting the presentation of multiple charges to the Baldwin County Grand Jury.[1] Though his claims are difficult to ascertain, James appears to divide his petition into four claims, all of which argue that his pretrial detention violates various of his constitutional rights because: (1) law enforcement officials did not have probable cause to arrest him because the contraband was discovered in residences or hotel rooms that were not registered in his name; (2) his bond was revoked in violation of his due process rights and in violation of the Fifth Amendment of the United States Constitution; (3) his Sixth Amendment rights have been violated in that he has been denied the right to represent himself; and (4) that he has been denied his right to equal protection under the Fourteenth Amendment because he has been treated unfairly and subject to mental abuse by his attorney. (*See* Doc. 1).[2]

Because James was being held in custody and had not yet been brought to trial on the pending charges, his petition was properly brought under § 2241. *See Stacey v. Warden, Apalachee Corr. Inst.,* 854 F.2d 401, 403 n.1 (11th Cir. 1988) (per curiam) ("Pre-trial habeas petitions...are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered."); *Hughes v.*

---

[1] The Attorney General's response to the petition presents a summary and timeline of the relevant charges against James as well as the related bond amounts and dates of revocation. (*See* Doc. 11).

[2] At the time the petition was filed, there were eleven charges pending against James in Baldwin County that he references at different points in his petition. It is unclear whether James's petition relates to one or all these charges because his petition does not sufficiently articulate which of his claims relate to which charges. (*See* Doc. 1).

*Att'y Gen. of Fla.*, 377 F.3d 1258, 1261 (11th Cir. 2004) ("[B]ecause this petition for habeas relief is a pre-trial petition it would only be properly asserted pursuant to 28 U.S.C. § 2241."). For a state prisoner to be entitled to relief under § 2241, he must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, developments after the filing of the present § 2241 petition indicate that the petition is moot, as James no longer appears to be in custody and has not communicated with the Court since his release to demonstrate the existence of any collateral consequence of his confinement.

The Eleventh Circuit has outlined the necessary analysis regarding mootness of a § 2241 petition as follows:

> Article III of the Constitution "limits the jurisdiction of federal courts to 'cases' and 'controversies,' " and the justiciability doctrine's main components include mootness. *See Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (quotation marks omitted). A cause of action becomes moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." *See id*. (quotation marks omitted).
>
> Because mootness is jurisdictional, [a court is] required to resolve any question implicating the doctrine before we assume jurisdiction over an [action]. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008)…In considering mootness, we look at the events at the present time, not at the time the complaint was filed…*Dow Jones & Co. v. Kaye*, 256 F.3d 1251, 1254 (11th Cir. 2001).
>
> "As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody." *Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1289 (11th Cir. 2019); *see also* 28 U.S.C. § 2241(c)(3)[]. The Supreme Court has held that the "in custody" requirement of § 2241 is satisfied if restrictions have been placed on a petitioner's freedom of action or movement. *See Jones v. Cunningham*, 371 U.S. 236, 243, 83 S. Ct. 373, 9 L. Ed. 2d 285 (1963). This means that once a petitioner's custodial sentence has expired, "some concrete and continuing injury ... some 'collateral consequence' ... must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L.Ed.2d 43 (1998)…

> Ultimately, the burden remains on the petitioner to establish that his case still presents a live "case or controversy" by demonstrating that a collateral consequence of his imprisonment persists after his release. *See Mattern v. Sec'y for Dep't of Corrs.*, 494 F.3d 1282, 1285 (11th Cir. 2007). So where a habeas petitioner has been released from detention…and he has not raised a challenge to a "collateral consequence," [a] habeas petition has become moot.

*Djadju v. Vega,* 32 F.4th 1102, 1106–07 (11th Cir. 2022).

A search of the online inmate search tool for the Baldwin County Corrections Center (http://bcsonline.co.baldwin.al.us/smartweb/jail.aspx (last visited August 29, 2024)) indicates that James is no longer in custody with that entity and shows his last release date as July 16, 2024. A search of the online inmate search tool for the Alabama Department of Corrections (http://www.doc.state.al.us/InmateSearch (last visited August 29, 2024)), the Mobile County Metro Jail (https://www.mobileso.com/whos-in-jail/ (last visited August 29, 2024)), and the Federal Bureau of Prisons (https://www.bop.gov/inmateloc/ (last visited August 29, 2024)) also do not indicate that James is presently incarcerated with any of them. Further, a review on Alacourt of the eleven Baldwin County District Court case numbers cited in James's petition shows that cases DC-2020-7573, DC-2020-7574, DC-2020-7575, DC-2020-7636, and DC-2020-7689 resulted in a no bill by the Grand Jury, and James was granted bond on or about July 15, 2024, for cases DC-2021-266, DC-2022-6119, DC-2022-6120, DC-2022-6121, DC-2022-6122, and DC-2022-6123 (https://v2.alacourt.com (last visited August 29, 2024)).[3]

---

[3] The court can take judicial notice of state court case dockets. *Paez v. Secretary Fla. Dept. of Corrs.*, 947 F.3d 649, 652 (11th Cir. 2020).

Because James has failed to advise the Court that he is still incarcerated with some other entity since his release from the Baldwin County Corrections Center, the record does not support a finding that any "collateral consequence of his imprisonment persists after his release" as a result of his being held without bond prior to the presentation of his cases to the Grand Jury. Accordingly, it appears this § 2241 action no longer presents a "live controversy," and is therefore due to be **DISMISSED without prejudice as MOOT.**

Alternatively, even if James were still incarcerated or a collateral consequence had been identified, dismissal is still warranted based on James's failure to exhaust his claims for relief in state court. The United States Supreme Court held in *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845 (1999), as follows:

> Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. The exhaustion doctrine, first announced in *Ex parte Royall*, 117 U.S. 241 [] (1886), is now codified at 28 U.S.C. §2254(b)(1) (1994 ed., Supp. III).
> . . .
> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

An application for writ of habeas corpus under 28 U.S.C. § 2241 is also subject to the exhaustion requirement. *Dill v. Holt*, 371 F. 3d 1301 (11th Cir. 2004). State remedies are ordinarily not deemed exhausted if a petitioner may effectively present his claims to the state courts by any currently available and adequate procedure*. Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489 (1973). Pursuant to 28 U.S.C. § 2254(c), a

petitioner "shall not be deemed to have exhausted the remedies available in the court of the State . . . if he has the right under the law of the State to raise, *by any available procedure*, the question presented." (Emphasis added.) Where possible, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated, even if review is discretionary. *See O'Sullivan*, 526 U.S. at 845; *Richardson v. Procunier*, 762 F. 2d 429, 432 (5th Cir. 1985).

Accordingly, James was required to present his claims fully and fairly to the state courts for consideration before pursuing federal habeas relief. *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (citing 28 U.S.C. § 2254(b)). The record before the Court indicates that James has not fully exhausted any of the claims in his petition. "Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court."). To do so, James was required to present his claims in a "petition for discretionary review in the state's highest court" even if "the state supreme court rarely grants such petitions and usually confines itself to answering questions of broad significance." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). Stated differently, "[t]he crux of the exhaustion requirement is simply that the petitioner must have put the state court on notice that he intended to raise a federal claim." *Preston v. Sec'y, Fla Dep't of Corr.*, 785 F.3d 449, 457 (11th Cir. 2015).

Based on the record, there is no indication James ever presented any of his constitutional claims in state district court, much less reasserted them in the appellate courts of Alabama. (Doc. 1). It appears from James's petition that he has not sought review, in any manner, with the Alabama Court of Criminal Appeals or the Alabama Supreme Court, as reflected by his answers in which he appears to refer to pleadings in

the District Court of Baldwin County and his petition with this Court as his attempts at an appeal. (Doc. 1, PageID.2-5). Therefore, this action is due to be **DISMISSED without prejudice** based on James's failure to exhaust his claims for relief in state court.

## II. Certificate of Appealability

For habeas petitions brought by persons in state custody, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C.A. § 2253(c)(1)(A).[4]

Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. *See also Miller- El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists

---

[4] "Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241 must obtain a COA to appeal." *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). For all cases, "[a] certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). While "a COA does not require a showing that the appeal will succeed[,]" a "prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 337-38 (quotations omitted).

Upon due consideration, the undersigned finds that James should be **DENIED** a certificate of appealability in conjunction with the dismissal of the present habeas action, as reasonable jurists would not find it debatable or wrong that dismissal is warranted on the mootness and exhaustion issues.[5]

### III. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.[6] Any party who objects to this recommendation or anything in it

---

[5] Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection by the petitioner to the recommendation to deny a certificate of appealability, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.
   Should this Court deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

[6] James is to be served at his last known address—Baldwin County Corrections Center. *See* Fed. R. Civ. P. 5(b)(2)(C) ("A paper is considered served under this rule by …

must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** and **ORDERED** this the **29th** day of **August, 2024**.

                                      s/P. BRADLEY MURRAY
                                      **UNITED STATES MAGISTRATE JUDGE**

---

mailing it to the person's last known address—in which event service is complete upon mailing."). However, even though James did not provide this Court with an updated address upon his release from custody, the Clerk is also **DIRECTED to mail a copy of this order** to the home address provided on James's bond in his Baldwin County District Court cases dated July 15, 2024, which is 15422A Pine Grove Road Extension, Bay Minette, Alabama, 36507.